IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

        v.                        Case No. 16-cr-62-jdp

ADRIAN JAIMES,

        Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorney John W. Vaudreuil, U.S. Attorney for the Western District of Wisconsin, by Elizabeth Altman, Assistant United States Attorney, hereby submits this memorandum to aid the Court in the sentencing of the defendant, which is currently set for January 11, 2016.

A.    <u>Government's Sentencing Position</u>

The advisory guidelines computation, as set forth in the PSR, has the total offense level at 37 and a criminal history category of I. This results in an advisory guidelines imprisonment range of 210 to 262 months, capped at the statutory maximum of 20 years. The defendant faces a mandatory minimum term of imprisonment of five years. While the government believes the PSR calculated the guidelines correctly, it nonetheless recommends a sentence between 97-121 months for the following reasons.

1. The Receipt Guidelines

While there is no question the defendant produced child pornography (on multiple occasions as discussed below), he was convicted of receipt. Without the cross reference, the government believes the guidelines would be as follows:

| | |
|---|---|
| Base offense level (§2G2.2(a)(2)): | 22 |
| Age of the victim (2G2.2(b)(2)): | 2 |
| Pattern of activity (2G2.2(5)): | 5 |
| Use of a computer (2G2.2(6)): | 2 |
| Number of images (2G2.2(7)(A)): | 2 |
| | 33 |
| | -3 |
| | 30 |

A total offense level of 30 combined with the defendant's Criminal History Category of I would give the defendant an advisory guideline range of 97-121 months. The government believes the defendant should be sentenced within this range. While this Court frequently discounts the use of a computer enhancement, the government believes it should not do so in this case. The defendant was not simply using a computer to access or trade child pornography, something he could do without electronic devices. Rather, he was using the computer to hide his identity and to convince the victim that he was a peer, which is the only way this crime could be committed.

2. Section 3553(a) Factors

Additionally, the government recommends this sentence based upon the following § 3553(a) factors:

      a.      Seriousness of the Offense

The defendant pretended to be a teenage girl in order to convince the 11-year-old victim in this case (KV #1) to send the defendant naked pictures of himself. (R. 21, ¶ 15). The defendant asked for, and KV #1 sent, sexually explicit photos on several occasions. When KV #1 told defendant he was "uncomfortable" sending the pictures, the defendant begged and pleaded for "just one to end all pictures." (Id.). When KV #1 apologized to the defendant for not wanting to send more pictures, the defendant continued asking KV #1 to take and send naked pictures. (Id.).

Undaunted by KV #1's refusal to send explicit pictures to the teenage girl the defendant was pretending to be, the defendant then pretended to be her brother and again asked KV #1 to send sexually explicit pictures. (Id.). KV #1 acquiesced and sent at least one additional picture. (Id.).

Despite the defendant's assurances to KV #1 that he was deleting the photos ("I have been deleting them all except the last one" "Okay, it is done and I'm deleting the chat and pics") agents found sexually explicit images of KV #1 in the defendant's Dropbox account. (R. 21, ¶ 22). Not only did the defendant convince KV #1 to send him sexually explicit pictures, the defendant admitted to sharing the pictures with others. (Id., ¶ 20). While thankfully pictures of the KV #1 have not been identified in any other case to date, the possibility is quite real that they will at some point show up in other child pornography investigations.

Agents found 155 images in the defendant's Dropbox "KikVids" file, and of those, approximately 103 constituted child pornography. Agents determined there

3

were five different victims, including KV #1.  The defendant confirmed this, admitting that he communicated with, and received pictures from, approximately five others. (R. 21, ¶ 20).  To date, four of the boys remain unidentified.

The seriousness of the offense is exemplified by the impact it had on KV #1 and his family.  According to KV #1's father, the psychological damage to KV #1 was "deep and insidious."  (R. 21, ¶ 26).  According to his father, KV #1 is suffering from paranoia, anxiety, and agitation as a result of the defendant's actions.  (Id.).  KV #1 and his family will require frequent and regular therapy until KV #1 is 18 because of the defendant. (Id., ¶ 26).

        b.      The History and Characteristics of the Defendant

The defendant's conduct with KV #1 was conniving and manipulative.  Rather than accept KV #1's refusal to send more pictures, begged the victim, attempted to make the victim feel guilty ("I just wanted on last pick to remember you by was all.  Fine.  I understand you probably never want to talk to me either"), then ultimately changed tactics and pretended to be someone else.  Additionally, he lied to the victim about deleting the photos.

The defendant's young age certainly is a consideration and factors into the government's recommendation for a sentence well below the guidelines.  He is, however, an adult and should have known better than to engage in this activity, particularly when KV #1 expressed his discomfort in what was going on.

4

      c.      Deterrence

The need for deterrence cannot be overlooked in this type of case. Someone tempted to commit this type of crime may think that it is harmless since there is no hands-on contact with any victim. As explained by KV #1's father, that is certainly not the case. People should know that this is a serious crime and they face significant punishment for this type of behavior.

      d.      Need for Just Punishment and to Protect the Public

As set forth above, this is a very serious crime and the defendant deserves a significant punishment. Additionally, while the defendant is in custody, he will not be able to prey upon other young victims.

Based on the above, the government believes a sentence between 97 and 121 months is reasonable and no greater than necessary to hold the defendant accountable for his crimes, protect the public, and achieve parity with the sentences of similarly-situated offenders.

DATED:  January 9, 2017

                                    Respectfully submitted,

                                    JOHN W. VAUDREUIL
                                  United States Attorney

By:     /s/
        ELIZABETH ALTMAN
        Assistant United States Attorney